**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN ZHURBIN; et al., | No. 07-74241 |
| Petitioners, | Agency Nos. A096-064-448 |
| | A096-354-993 |
| v. | A096-354-994 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| EVGENIA BORODIKHNIA and TIGRAN HAYRAPETYAN, | No. 09-73138 |
| Petitioners, | Agency Nos. A096-354-993 |
| | A096-354-994 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2012
Pasadena, California

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BERZON, IKUTA, and NGUYEN, Circuit Judges.

Ivan Zhurbin and Evgenia Borodikhnia petition for review of the BIA's denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture. Tigran Hayrapetyan petitions for review of the BIA's denial of his motion to reopen proceedings for the purpose of filing an independent asylum application based on changed country conditions. We deny the petitions.

Petitioners failed to administratively exhaust their inconsistent treatment argument, because they did not raise this argument in their briefs to the BIA. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). Accordingly, we lack jurisdiction over this issue. *Id.*

Substantial evidence supports the BIA's conclusion that the police's detention of Borodikhnia and detention and brief beating of Zhurbin did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995). Substantial evidence also supports the BIA's conclusion that the government was not unwilling or unable to control the skinheads in Omsk and Novosibirsk. Among other evidence, the record shows that police prevented disruption of the Student Democratic Union's scheduled demonstrations and responded to calls for assistance after skinheads attacked mosques guarded by Student Democratic Union

2

members.  *Cf. Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).  The BIA's conclusion that Zhurbin and Borodikhnia do not have a well founded fear of future persecution is supported by substantial evidence in the record, including the State Department's country conditions report.  As a result, the BIA did not err in denying Zhurbin's and Borodikhnia's asylum applications.  Because Zhurbin and Borodikhnia failed to qualify for asylum, they necessarily failed to satisfy the more stringent standard for withholding of removal.  *Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1255 (9th Cir. 2003).

The BIA did not err in rejecting Zhurbin's and Borodikhnia's claims for relief under the Convention Against Torture, because substantial evidence supported its conclusion that neither Zhurbin nor Borodikhnia are more likely than not to be tortured if returned to Russia.  *See Al-Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir. 2001).

Finally, the BIA did not abuse its discretion in concluding that the changed conditions in Armenia were not material and did not warrant reopening the proceedings to permit Hayrapetyan to file an independent asylum application.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (2012).  Among other things, the record shows that military men visited Hayrapetyan's family's home both before and after Sargsyan was elevated from head of national security to president.

**PETITIONS FOR REVIEW DENIED.**